UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRANDON J.M.,**[1]

        Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY**,

        Defendant.

Civ. No. 6:21-cv-0535-MO

**OPINION & ORDER**

MOSMAN, District Judge:

This matter comes before me on Plaintiff Brandon J.M.'s Complaint [ECF 15] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I AFFIRM the Commissioner's decision and DISMISS this case.

**PROCEDURAL BACKGROUND**

On July 26, 2011, Plaintiff filed Title II and XVI applications for disability benefits due to an alleged disability beginning on August 12, 2010. Tr. 122. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 125. A hearing was held before an Administrative Law Judge ("ALJ") on February 28, 2013. Tr. 99. On May 31, 2013, the ALJ issued a decision

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

Page 1 – OPINION & ORDER

finding Plaintiff not disabled. Tr. 108. Plaintiff did not appeal this decision. Tr. 113. Instead, Plaintiff chose to represent himself and filed another application for disability benefits. Tr. 288.

On March 30, 2018, Plaintiff again filed applications for Title II and Title XVI disability benefits, alleging disability beginning on May 31, 2013, the date on which his previous application was denied. Tr. 288. These subsequent claims were also denied initially and upon reconsideration. Tr. 286. Plaintiff then requested a hearing which was held on December 18, 2019, and an additional hearing was held on July 16, 2020. Tr. 42, 63. On August 21, 2020, the ALJ found that Plaintiff was disabled as of January 16, 2015. Tr. 112.

## QUESTION PRESENTED

Plaintiff does not contest any substantive analysis of the ALJ's determination. Instead, Plaintiff asserts that (1) the ALJ found him disabled as of May 31, 2013, and (2) the SSA should reimburse him for child support payments made during his disability period.

### I.  Contested Disability Date

Plaintiff argues that he needs "to be paid back" from his original "on-set date [of disability on] May 31, 2013" because he was "declared disabled at that time [of his administrative hearing] by Sue Leise, Administrative Law Judge." Pl. Br. at 1. However, Plaintiff appears to be confused as to the declared date of his disability. As the ALJ explained in her decision, "the Plaintiff was *not* disabled prior to January 16, 2015, but *became* disabled on that date and continued to be disabled through the date

of this decision" which was issued on August 21, 2020. Tr. 34. (Emphasis supplied). There is a likely explanation for Plaintiff's confusion: he had previously filed Title II and Title XVI applications in 2011 which were denied by the ALJ on May 31, 2013. Tr. 108.

As Plaintiff is incorrect regarding his date of disability, he therefore does not qualify for payments before January 16, 2015.

## II. Child Support Pay under Social Security Benefits

Plaintiff argues that his disability benefits should include reimbursement for child support payments made from a separate judicial matter. Pl. Br. at 2. However, there is no case law or statutory authority to support such a distribution. In his brief, Plaintiff cites 20 CFR 404.1565 and 416.965 as apparent authority for this power. *Id.* However, these statutes concern the vocational experts and evidence regarding prior work experience; these statutes do not concern child support repayments from social security benefits. Further, Congress has made clear that civil actions seeking to challenge garnishment efforts such as child support is prohibited.[2] Therefore, Plaintiff is not entitled to reimbursement for his child support payments.

---

[2] *See* 42 U.S.C.S. § 659 (f)(1) explaining that "[n]either the United States, nor the government of the District of Columbia, nor any disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face."

## CONCLUSION

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case.

IT IS SO ORDERED.

DATED: __10/11/2023_____ .

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge